AO 245B (Rev. 4/2013-MD/PA) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Timothy H. Albright | ) | Case Number: 1:15CR00029-001 |
| | ) | USM Number: 72554-067 |
| | ) | Lori J. Ulrich |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Bribery | 10/20/2008 | 1 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/27/2016
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

John E. Jones III, U.S. District Judge
Name and Title of Judge

1/27/2016
Date

AO 245B    (Rev. 4/2013-MD/PA) Judgment
in a Criminal Case Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: Timothy H. Albright
CASE NUMBER: 1:15CR00029-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 months and 1 day.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends placement at a facility as close as possible to Lebanon, PA.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

☐ The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Timothy H. Albright
CASE NUMBER: 1:15CR00029-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
1 year.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B    (Rev. 4/2013-MD/PA) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:  Timothy H. Albright
CASE NUMBER: 1:15CR00029-001

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall undergo a substance abuse evaluation and, if recommended, the defendant shall satisfactorily complete a program of outpatient or inpatient substance abuse treatment;

2. The defendant shall submit to one drug test within 15 days of commencing supervision and at least two periodic drug tests thereafter for use of a controlled substance;

3. The defendant shall undergo a mental health evaluation and, if recommended, the defendant shall satisfactorily complete a program of outpatient or inpatient mental health treatment; and

4. The defendant shall cooperate in the collection of a DNA sample as directed by the probation officer, unless a sample was collected during imprisonment.

DEFENDANT: Timothy H. Albright
CASE NUMBER: 1:15CR00029-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 4/2013-MD/PA) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:15-cr-00029-JEJ Document 51 Filed 01/27/16 Page 6 of 10

Judgment — Page 6 of 6

DEFENDANT: Timothy H. Albright
CASE NUMBER: 1:15CR00029-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    Defendant shall forfeit all items contained within the Consent Order of Forfeiture, which is attached hereto.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 15-029-JEJ |
| ) | |
| v. | ) |
| ) | (JUDGE JOHN E. JONES III) |
| TIMOTHY H. ALBRIGHT | ) |
| ) | |
| Defendant. | ) |

## CONSENT ORDER OF FORFEITURE

*WHEREAS*, a plea agreement was filed with this Court and signed by defendant Timothy H. Albright and his counsel, Lori J Ulrich, Esq., in which defendant Albright agreed to plead guilty to a felony violation charged in a Criminal Information in this case, that is, conspiracy to commit bribery, in violation of Title 18, United States Code, Section 371, and pursuant to the defendant's plea, the defendant agreed to forfeit all of the defendant's interest in the property;

*WHEREAS*, the Information also alleged the forfeiture of a money judgment against defendant in favor of the United States for $16,200, which represents a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense of conspiracy to commit bribery, in violation of Title 18, United States Code, Section 371;

*WHEREAS*, in his plea agreement, defendant Albright expressly agreed and consented to the entry of an order of forfeiture, forfeiting all rights, title and interest of any nature in property subject to forfeiture pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), including the entry of a money judgment against defendant in the amount of $16,200 as an amount representing the property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the offense of conspiracy to commit bribery; and

*WHEREAS*, the Court has determined, based on the evidence set forth in the plea agreement and during defendant Albright's guilty plea that: (1) entry of a money judgment against defendant in favor of the United States for $16,200 is appropriate because this amount is subject to forfeiture pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C); and (2) that the Government has established the requisite connection between the amount of the money judgment and a violation of Title 18, United States Code, Section 371;

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1. The defendant forfeit to the United States the sum of $16,200 in the form of a money judgment representing the proceeds that the defendant obtained from the conduct to which he pled guilty, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), which sum shall be credited with the perfected forfeiture and subsequent disposal of the property listed in paragraph 2 below.

2. The following property is forfeited to the United States as property constituting or derived from proceeds traceable to the violation to which the defendant pled guilty, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and as property in which the defendant has an interest: a 2008 Nissan Maxima (VIN: 1N4BA1E98C812386).

3. This forfeiture order is final as to the defendants, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

4. The Attorney General or a designee is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property ordered forfeited, whether held by the

defendant or a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, pursuant to Fed. R. Crim. P. 32.2(b)(3).

5. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Consent Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2).

7. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Consent Order as necessary to account for said third party rights, shall be entered pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c)(2).

8. The United States may take steps to collect said judgment by all available means, including but not limited to the forfeiture of property traceable to the proceeds of the offense or property that is a substitute for such property.

Dated this 27th day of January, 2016.

_____
HONORABLE JOHN E. JONES III
JUDGE, UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WE ASK FOR THIS:

PETER J. SMITH
United States Attorney

ANDREW WEISSMANN
Chief, Fraud Section, Criminal Division
U.S. Department of Justice

By: _____
     Chelsea B. Schinnour
     Assistant United States Attorney

By: _____
     Daniel P. Butler
     Trial Attorney, Fraud Section


_____     _____
TIMOTHY H. ALBRIGHT               LORI J. ULRICH, ESQ.
Defendant                              Counsel for Defendant